UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JASON N. JOHNSON,**

                **Plaintiff,**                9:08-cv-1013
                                                                     (GLS/RFT)

                **v.**

**DAVID ROCK,** Superintendent, Great
Meadow Correctional Facility; and
**P. VANGUILDER,** Deputy of Security,
Great Meadow Correctional Facility,

                **Defendants.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Jason N. Johnson
Pro Se
97-A-1431
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO       ROGER W. KINSEY
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff Jason N. Johnson, an inmate at Clinton Correctional Facility, brings this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA),[1] against defendants David Rock, Superintendent of Great Meadow Correctional Facility, and P. Vanguilder, Deputy of Security of Great Meadow Correctional Facility. (*See* Compl., Dkt. No. 1.)  On July 15, 2009, Rock and Vanguilder moved for summary judgment.  (Dkt. No. 19.)  On March 30, 2010, Magistrate Judge Randolph F. Treece issued a Report and Recommendation Order (R&R).  (Dkt. No. 29.)  Pending are Johnson's objections to the R&R.  (Dkt. No. 30.)  For the reasons that follow, the court adopts the R&R's recommendation that the complaint be dismissed but does so for alternative reasons.

### **II. Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's

---

[1] 42 U.S.C. § 2000-cc, *et seq.*

findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### III.  Discussion

Johnson fails to object to the dismissal of his due process claims.  Having found no error in Judge Treece's conclusion, this recommendation is adopted.  Johnson's objections specifically challenge Judge Treece's conclusions that his First Amendment rights were not violated and, by extension, that his conspiracy claim should be dismissed on the grounds that without a constitutional injury, no conspiracy could be maintained.  In particular, Johnson disputes whether the food he was served was in fact halal.  (*See* Pl. Objections at 2-3, Dkt. No. 30.)  In light of these objections, the court would typically address and review each challenged portion of the R&R de novo and assess the merits of each objection.  *See Almonte*, 2006 WL 149049, at *6-7.  In this case, however, the court finds that the typical course is not necessary.  Specifically, having reviewed the R&R and the

record de novo, it is clear that even if the court were to credit Johnson's objections, his claims would nonetheless fail on other grounds.

## A. Eleventh Amendment Immunity

Johnson's claims against Rock and Vanguilder in their official capacities must be dismissed as barred by the Eleventh Amendment. "Absent a waiver on the part of the state, or a valid congressional override, the eleventh amendment prohibits federal courts from entertaining suits by private parties against the states." *Farid v. Smith*, 850 F.2d 917, 920-921 (2d Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Suits for damages arising under 42 U.S.C. § 1983 are barred by the Eleventh Amendment unless the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). This bar applies to suits against state officials for money damages when sued in their official capacities. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (2002); *see also Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464 (1945) ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." (citations omitted)). However, this bar

applies only to retrospective relief, such as damages, and not to prospective relief, such as injunctive or declaratory relief.[2]  *See Will*, 491 U.S. at 71 n.10.  New York has not waived its immunity with regard to claims arising under § 1983.  Therefore, Johnson's claims for damages against Rock and Vanguilder in their official capacities under §1983 are dismissed.  The request for declaratory relief under § 1983 would remain were it not moot.

"In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."  *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (citing *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir. 1989), and *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976)).  Since the incidents at issue occurred, Johnson has changed facilities four times and is now incarcerated at Sullivan Correctional Facility.  Both defendants worked and, to the court's knowledge, continue to work only at Great Meadow Correctional Facility.  Consequently, Johnson's request for declaratory relief is dismissed as moot.

---

[2] Although the court does not reach the issue, there is some question as to whether Johnson's requested declaratory relief is properly termed prospective or retrospective.

Johnson further argues that his claims for damages arising under the RLUIPA should proceed because New York has waived its sovereign immunity by receiving federal funds under the RLUIPA. It is clear that the RLUIPA creates a cause of action which can be asserted in federal court against a state government. *See* 42 U.S.C. §§ 2000cc-2, -5. However, the statutory term "appropriate relief" is sufficiently vague to raise the question of whether acceptance of federal funds waived Eleventh Amendment immunity on the part of the states so as to allow the award of damages. The Second Circuit has not spoken directly on this issue, but the overwhelming majority of the other Circuit courts have found no waiver of Eleventh Amendment immunity as to the award of money damages for actions arising under the RLUIPA. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009); *Nelson v. Miller*, 570 F.3d 868, 884 (7th Cir. 2009); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 331 (5th Cir. 2009); *Madison v. Virginia*, 474 F.3d 118, 122-123 (4th Cir. 2006); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006); *but see Smith v. Allen*, 502 F.3d 1255, 1276 (11th Cir. 2007) (finding immunity waived). Several courts in this Circuit have agreed with the majority's conclusion. *See, e.g.*,

6

*Pugh v. Goord*, 571 F. Supp. 2d 477, 506-507 (S.D.N.Y. 2008) (finding no waiver); *El Badrawi v. Dep't of Homeland Sec.*, 579 F. Supp. 2d 249, 261 (D. Conn. 2008) (same). This court will follow suit. Accordingly, Johnson's claims for damages under the RLUIPA are dismissed. And likewise, Johnson's claim for declaratory relief under the RLUIPA is moot.

**B.     Personal Involvement of Rock**

Johnson's claims against Rock in his individual capacity must be dismissed for lack of personal involvement. Under § 1983, personal involvement is a prerequisite to an award of damages. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Personal involvement of a supervisory defendant can be established in several ways by showing that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted). Here, Johnson contends that Rock was personally involved insofar as

7

Johnson addressed two letters to him, one that received no reply and one that was replied to by Vanguilder. (*See* Pl. Resp. at 13-15, Dkt. No. 28.) However, "[t]he law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability." *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) (collecting cases). Moreover, the letter Johnson claims was ignored by Rock was sent prior to the ultimate resolution of his then pending appeals. (*See* Pl. Resp. at 31, 33, Dkt. No. 28.) Prison officials cannot be expected to intervene to remedy alleged violations "in advance of an established procedure in which [the plaintiff] was to be given the opportunity to substantiate the claim that was made in his letter." *Colon*, 58 F.3d at 873. Consequently, Johnson has failed to show Rock's involvement. Thus, the court adopts Judge Treece's recommendation to dismiss all claims against Rock.

## C.    **Qualified Immunity**

Johnson's claims against Vanguilder in his individual capacity are likewise subject to dismissal on immunity grounds.[3]

Qualified immunity protects public officials from civil liability for

---

[3] Because all of the claims against defendant Rock have been dismissed for lack of personal involvement, there is no need to reach the issue of whether he would be entitled to qualified immunity. Still, a similar analysis and conclusion would apply to the claims levied against Rock.

8

damages so long as "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining if a claim is barred by qualified immunity is a two-step process in which the court must decide if a constitutional right has been violated and if that right was clearly established at the time of the violation. *Id.* The steps can be done in any order. *Id.* at 821-822. It is well established that "to deny prison inmates the provision of food that satisfies the dictates of their faith does unconstitutionally burden their free exercise rights." *McEachin v. McGuinnis*, 357 F.3d 197, 203 (2d. Cir 2004) (citations omitted). "A right is clearly established if the contours of it are sufficiently clear in the context of the alleged violation such that a reasonable official would understand what he is doing violates that right." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250-251 (2d Cir. 2001) (citations and internal quotation marks omitted). "If a reasonable officer could have believed that the challenged conduct was lawful at the time of the violation, then qualified immunity bars the claim." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citations omitted).

9

A reasonable official in Vanguilder's position would not have believed the restricted diet during Ramadan was a violation of Johnson's First Amendment rights. The declaration of Imam Khabir, the Department of Correctional Services (DOCS) Ministerial Program Coordinator for the Islamic Faith Group, establishes that at the time of the incident DOCS officials believed that the restricted diet complied with the dietary requirements for a practicing Muslim during Ramadan. There is no evidence or allegation that prior to being placed on the restricted diet Johnson ever informed prison officials that his particular version of Islamic dietary requirements during Ramadan differed from that of DOCS. Nothing in the record shows that Johnson told officials that he did not consider nutriloaf and raw cabbage to be halal during Ramadan. In fact, his reliance on a conversation of September 27, 2007, with a local Great Meadow imam indicates that even Johnson was not sure that the restricted diet was religiously prohibited at the time of the imposition of the diet. The record shows that a reasonable official in Vanguilder's position would have no reason to suspect the restricted diet impinged on Johnson's Muslim beliefs. (*See* Pl. Decl. at 2, Dkt. No. 28.) As such, Vanguilder is entitled to summary judgment on the issue of qualified immunity and Johnson's

10

claims against Vanguilder in his individual capacity are dismissed.

### D. Conspiracy Claims

Johnson has failed to offer any factual support for his conclusory conspiracy allegations. Conclusory allegations regarding conspiracy, without more, are insufficient to withstand a motion for summary judgment. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999). Johnson's conspiracy claims are therefore dismissed.

### E. Eighth Amendment Claim

Finally, a liberal reading of Johnson's complaint could potentially encompass a medical indifference claim arising under the Eighth Amendment and Rock and Vanguilder's motion contemplates such a claim. (*See* Defs. Mem. of Law at 11, Dkt. No. 19:15.) However, Johnson has expressly disclaimed any Eighth Amendment claim arising out of his alleged stomach pain. (*See* Pl. Resp. at 28, Dkt. No. 28.) Accordingly, to the extent such a claim is being asserted, it is dismissed.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's March 30,

2010 Report-Recommendation and Order (Dkt. No. 29) is **ADOPTED** for alternative reasons, defendants Rock and Vanguilder's motion for summary judgment (Dkt. No. 19) is **GRANTED**, and Johnson's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2010
Albany, New York

_____
Gary L. Sharpe
United States District Court Judge